UNITED STATES, Appellee,

v.

Alberto L. MIRANDES–GONZALEZ,
Private First Class, U.S.
Army, Appellant.

No. 57,953.
CM 8600471.

U.S. Court of Military Appeals.

Sept. 19, 1988.

For Appellant: *Captain John J. Ryan*
(argued); *Colonel John T. Edwards, Lieutenant Colonel Joel D. Miller* and *Captain Donald G. Curry, Jr.* (on brief);
*Colonel Brooks B. La Grua* and *Captain Alfred H. Novotne.*

For Appellee: *Major Byron J. Braun*
(argued); *Colonel Norman G. Cooper* and
*Lieutenant Colonel Gary F. Roberson* (on
brief).

*Opinion of the Court*

COX, Judge:

Private First Class Mirandes-Gonzalez
was tried by a general court-martial composed of officer and enlisted members at
Fort Stewart, Georgia, for the offense of
assault with intent to inflict grievous bodily
harm, in violation to Article 128, Uniform
Code of Military Justice, 10 U.S.C. § 928.
Contrary to his pleas, he was found guilty
of the lesser-included offense of assault
with a means likely to produce death or
grievous bodily harm. He was sentenced
to a bad-conduct discharge, confinement
for 12 months, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence. The Court of

Military Review affirmed in a short-form opinion.

This Court granted review to consider: WHETHER THE MILITARY JUDGE ERRED BY ADMITTING TESTIMONY UNDER MIL.R.EVID. 404(b), WHICH DID NOT ESTABLISH THAT APPELLANT HAD COMMITTED PRIOR MISCONDUCT, WHICH WAS NOT SUFFICIENTLY SIMILAR TO THE CHARGED MISCONDUCT, AND WHICH SERVED NO OTHER PURPOSE THAN TO DENIGRATE APPELLANT'S CHARACTER.

We resolve this issue against appellant and affirm.

The victim in this case was a 23–month-old boy, Edward S. (Tony), the child of appellant's girlfriend, Jill S. The mother testified that on February 3, 1986, appellant baby-sat her son while she attended a work-related meeting. After the meeting, appellant informed her that Tony had fallen off a slide at the park that afternoon and had sustained stomach injuries. He said that he had taken the boy to the hospital, the doctor had taken x-rays, and that the child would probably vomit because he had hit his stomach "so hard" on the slide. When she got home with the child, he vomited continually and was thirsty and sluggish. She became concerned and asked appellant to take them to the local emergency room. The on-call pediatrician (who was the child's regular doctor) informed them "that the child was seriously ill" and would have to be taken by helicopter to the Memorial Medical Center Shock Treatment Center in Savannah, Georgia. Dr. Schroeder, who performed the surgery there, testified that the child's small intestine had been perforated—a hole had been "blown out" causing "intestinal juices to" leak "into the abdomen." The child had also suffered bruises and internal bleeding. The doctor testified that this type of injury required "a tremendous amount of external pressure" and that these injuries would be consistent with someone squeezing the child with "a great deal of force."

Appellant later admitted to Jill that he had lied when he said he had taken Tony to the hospital that afternoon and when he told her the child had been injured by falling off the slide. Instead, appellant had been sitting on the slide watching some other people at the park when he noticed that Tony had left the slide area and was walking towards a road. Appellant jumped from the slide, ran after the child, picked him up, and squeezed him angrily. Appellant testified that the child "started crying," and he put him down, "gave him a kiss," and said he was sorry. He did not think he had used "that much of a force" and did not "intentionally injure" the boy. The defense theory of the case was that any injury the child sustained was accidental.

After the defense rested its case, trial counsel, over defense objection, presented evidence to rebut the defense of accident and to establish appellant's intent at the time of the offense at issue. Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1984. This evidence consisted of the testimony of a next-door neighbor, Mrs. Laumea, that several months earlier, when appellant was baby-sitting the child, she heard sounds like something being thumped against the bathtub next door. Through the thin bathroom wall which separated her bathroom from Jill's, she heard appellant shouting at the child to get in the tub, and she heard the child screaming as if in pain. The next day, when she saw Jill and Tony, the child had a black and blue knot the size of a golf ball on his forehead. Jill told her that appellant said the child had gotten the knot on his head from falling off a slide in the park. Jill also testified that this was appellant's explanation.

In overruling the defense objection to this evidence, the military judge stated that he had "considered the matter both under the requirements of [Mil.R.Evid.] 404(b) as well as the balancing test required by Rule 403," and would "permit" it "for its tendency, if any, to rebut the defense's contention of accident and its tendency if any to establish the intent of the accused at the time of the alleged assault on 3 February 1986."

Appellant contends that this evidence is inadmissible under Mil.R.Evid. 404(b) because the Government did not establish by clear and convincing evidence that he was the cause of the prior injury. In the alternative, he argues that the evidence "did not adequately establish that" he "committed [the] uncharged misconduct even under the relaxed standard of Mil.R.Evid. 104(b)." Finally, he challenges admissibility of the evidence on the ground that "its probative value was substantially outweighed by the danger of unfair prejudice. *See* Mil.R. Evid. 403."

In *United States v. Brooks,* 22 M.J. 441, 444 (C.M.A.1986), we discussed admissibility of uncharged misconduct evidence under Mil.R.Evid. 404(b), as follows:

Prior to the adoption of the Military Rules of Evidence, reception of "uncharged misconduct" into evidence was strictly limited. The Government was required to show that there was a nexus in time, place, and circumstance with the charged crime; that the evidence of the accused's participation was plain, clear and conclusive; and that the probative value of the evidence far outweighed the potential prejudicial impact. *United States v. Janis,* 1 M.J. 395, 397 (C.M.A. 1976).

Since September 1, 1980, the admission of such evidence has been governed by Mil.R.Evid. 404(b). *See United States v. Brannan,* 18 M.J. 181 (C.M.A.1984). Like its forerunner, Mil.R.Evid. 404(b) permits the introduction of evidence of other crimes, wrongs or acts only for specific purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The admissibility of such evidence is also subject to the requirement that its probative value be weighed against danger of unfair prejudice. Mil.R.Evid. 403; *United States v. Watkins,* 21 M.J. 224, 227 (C.M.A.1986) (Everett, C.J., concurring in the result); *United States v. Owens,* [21 M.J. 117,] 124 [ (C.M.A.1985) ].

In *United States v. White,* 23 M.J. 84, 86–87 (C.M.A.1986), we said that admissibility of evidence of other crimes, wrongs, or acts "depends, at least initially, on the purpose for which the evidence is offered" and enunciated "a three-step analysis" for

the military judge. First, does the evidence tend to prove that the accused committed prior crimes, wrongs, or acts? *United States v. Brooks,* 22 M.J. 441 (C.M.A.1986). Second, what is the purpose for which the evidence is offered? Third, ... is the "probative value ... substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"? Mil.R.Evid. 403.

Appellant contends that the evidence of Tony's prior injury fails the first prong of the *White* inquiry. His primary assertion is that the evidence is irrelevant because it fails to *clearly and convincingly* establish that he intentionally injured the child on that occasion. This assertion invites us to discuss the standard of proof to be employed in ruling on admissibility of Mil.R. Evid. 404(b) evidence.

■ The Supreme Court recently resolved the conflict among the Courts of Appeals as to the standard of proof to be applied in ruling on admissibility of Fed.R.Evid. 404(b) evidence and rejected the "clear and convincing" standard. *Huddleston v. United States,* — U.S. —, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). The Court held that "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Id.* at 1499. The evidence must also meet the test for relevance under Fed.R.Evid. 104(b). However,

[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find

the conditional fact ... by a preponderance of the evidence.

...

We emphasize that in assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all evidence presented to the jury. "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." [Citation omitted.] [1]

*Id.* 108 S.Ct. at 1501–02.

■ Thus, the task for the military judge is to determine whether there is sufficient evidence for a reasonable court member to believe that the accused in fact committed the extrinsic offense. *See* S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence Manual* 46 (2d ed. 1986).

■ The fact that Mrs. Laumea did not actually see appellant injure the child in the bathroom goes toward the weight to be given to her evidence, not towards its admissibility.[2] Considering the evidence in the light most favorable to the Government, the circumstantial evidence supports an inference that appellant injured the child

on that occasion. The military judge did not abuse his discretion in ruling on the relevance and admissibility of this evidence.

Finally, appellant claims that the prejudicial impact of this evidence "substantially outweighed" its probative value. The military judge performed the balancing test required by Mil.R.Evid. 403. His decision will not be reversed absent a clear showing of abuse of discretion. "Since the record does not reveal such abuse, the ruling will not be disturbed." *United States v. Brooks, supra* 22 M.J. at 444.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

I agree with the result reached by Judge Cox in this case. I note, however, that the Supreme Court expressly recognized in *Huddleston v. United States,* —— U.S. ——, 108 S.Ct. 1496, 1501 n. 6, 99 L.Ed.2d 771 (1988), "that the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." *See United States v. Mann,* 26 M.J. 1, 5 (C.M. A.1988).

1. "[W]hen the crime is one of infanticide or child abuse, evidence of repeated incidents is especially relevant because it may be the only evidence to prove the crime." *United States v. Woods,* 484 F.2d 127, 133 (4th Cir.1973), *cert. denied,* 415 U.S. 979, 94 S.Ct. 1566, 39 L.Ed.2d 875 (1974).

2. *See* Criminal Law Note, *Admissibility of Evidence Reminders,* The Army Lawyer 49 (Mar. 1988).