**UNITED STATES, Appellee,**

v.

**Captain David L. WILLIAMS, 520–56–2582, United States Army, Appellant.**

**ACMR 8700034.**

U.S. Army Court of Military Review.

30 June 1989.

For Appellant: Stephen G. Milliken, Esquire, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Cynthia M. Brandon, JAGC, Captain James K. Reed, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of fondling a thirteen-year old girl's breasts and thigh, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The members of the court-martial sentenced him to a dismissal, confinement for five years, and forfeiture of $400.00 pay per month for six months. The convening authority approved the findings and the sentence except that he approved only three years of the confinement.

On 30 October 1988, the United States Court of Military Appeals set aside the decision of this court and returned the case for further review in light of its decisions in *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988), and *United States v. Mirandes–Gonzalez*, 26 M.J. 411 (C.M.A. 1988). *United States v. Williams*, 27 M.J. 401 (C.M.A.1988) (summary disposition). The issue on which the Court of Military Appeals accepted the case was whether the military judge erred in receiving into evidence during the presentence proceedings so much of a message regarding a criminal investigation file that stated that the appellant received a letter of reprimand from his commander in 1974 for indecently assaulting an adult. We have reconsidered this issue. For the reasons discussed below, we conclude that the military judge did not properly admit this information in rebuttal, and we reassess the sentence accordingly.

This case arose when, on a Sunday morning, the victim went to the appellant's quarters in Germany to go with the appellant's fourteen-year old son to worship services. The appellant insisted that she accompany him into the quarters to awaken his son.

When they reached the bedroom area of the quarters, the appellant attacked her sexually. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1001(c)(2)(C), (c)(3), and (d) and Military Rules of Evidence [hereinafter Mil.R.Evid.] 403.

During the presentencing hearing, appellant submitted superb evaluation reports for periods from January 1975 until the time of his court-martial, records of successful military schooling in 1970 and 1974, and personnel qualification records. These records included the appellant's receipt of three good conduct medals for three-year periods culminating in 1973, 1976, and 1979. The following colloquy also occurred between the trial defense counsel and the appellant during his unsworn statement to the court members about the offenses to which he pleaded guilty:

Q. Well, why did you do this?

A. I just lost control. I've always managed to keep very tight control over myself, as much as possible. I do have—have had problems finding single women to date in the Zweibruecken area. It's not a place that's conducive to any sort of a relationship. I had a good friend who had gone back to school who I used to spend a great deal of time with. And when she was gone, there was really nobody to—in my own age group, that could fill the void, fill the emptiness.

Following the defense presentation, the trial counsel moved to admit this message from the United States Army Criminal Investigation Command (CID):

A records check of indiv, based on identifiers prov by your ofc, revealed the fol info:

Williams, David Larry—subj committed offense of [indecent assault on an adult female], listed in file 74–CID ... DTD 20 Dec 74. Icdt occurred btn 7–18 Dec 74 at FT BRAGG NC. DSPO: Admin counselled by unit cmdr ltr of repri[mand].[1]

The defense counsel objected, asserting (1) that appellant only addressed the charged offense, and thus the message was not rebuttal,[2] and (2) the subject matter of the message was twelve years old, indicating that it was inadmissible under Military Rule of Evidence 403 because its prejudicial effect outweighed its probative value.

We agree with the military judge's assessment that appellant "opened the door" to this rebuttal material by putting forth that the charged offense was his first sexual crime. Certainly, that is a reasonable inference "which must be drawn from it." *United States v. Strong,* 17 M.J. 263, 266–67 (C.M.A.1984) (defense must accept responsibility for such inferences). *See also United States v. Mansel,* 12 M.J. 641, 643 (A.F.C.M.R.1981). Rule for Courts–Martial 1001(c)(2)(C) provides that the prosecution "may rebut any statements of facts" in an accused's unsworn statement during the presentencing proceeding.[3] In applying this rule, we view the entirety of appellant's presentence evidence and unsworn statement to convey that he had been an upstanding soldier and was a first-time sexual offender. This CID message rebutted that defense-created picture. Furthermore, the message also contradicted a factual assertion by appellant, that he had

---

1. A CID agent testified that a code in the message described the offense of indecent assault upon an adult woman, and that this message was received in response to a regular CID field practice of inquiring whether a suspect had been previously "titled" as having committed an offense. *See United States v. Hathaway,* 798 F.2d 902 (6th Cir.1986) (proper foundation for admission of business records through the testimony of an FBI agent familiar with the recordkeeping system).

2. During an Article 39(a) session, the reprimand described in the message had been the subject of a motion *in limine.* The military judge ruled

that the information was not admissible unless it was impeachment regarding a character trait in issue or was rebuttal.

3. Rebuttal under the Manual for Courts–Martial, United States, 1969 (Revised edition), para. 75 *d,* could include correction of the picture created by the entirety of the defense presentation that the accused had been an exemplary soldier, of outstanding military character. *United States v. Strong,* 17 M.J. at 266–67. The drafters of Rule for Courts–Martial 1001(c)(2)(C) did not indicate a change in the scope of the rule.

"always managed to keep very tight control over [himself], as much as possible."

Although the subject matter was proper rebuttal, the quality of evidence was insufficient to establish the indecent assault of an adult female in the vicinity of Fort Bragg, North Carolina in 1974. Under the recent opinions from the Court of Military Appeals construing the Rules for Courts–Martial, that evidence should not have been admitted as rebuttal. In his opinion for the court in *Wingart*, Chief Judge Everett noted that the somewhat limited scope of admissible uncharged misconduct, at least under Rule for Courts–Martial 1001(b)(4), could be related to the problem of potential unfairness to an accused because "the government does not bear a heavy burden of proof with respect to such misconduct." *United States v. Wingart,* 27 M.J. at 136. *Cf. United States v. Mirandes–Gonzalez,* 26 M.J. 411 (C.M.A.1988). Further, though *Mirandes–Gonzalez* concerned the admissibility of uncharged misconduct before findings, governed by Military Rule of Evidence 404(b),[4] the rule prescribed there for admissibility of uncharged misconduct seems to us applicable in presentence proceedings as well:

> [T]he task for the military judge is to determine whether there is sufficient evidence for a reasonable court member to believe that the accused in fact committed the extrinsic offense.

*United States v. Mirandes–Gonzalez,* 26 M.J. at 414. In applying this rule, that court considered the circumstantial evidence at issue in the light most favorable to the government in assessing whether the military judge abused his discretion. *Id.*

A business entry of a properly maintained letter of reprimand for indecent assault could suffice as rebuttal, subject to Military Rule of Evidence 403, as we shall see below. *See* M.C.M., 1984, Mil.R.Evid. 803(6) (records of regularly conducted activity admissible as exception to the rule excluding hearsay). This type of message is routinely used to describe previous investigations of the conduct of persons whose activities the CID is investigating again, and describes as a fact a commander's disposition of the matters previously reported upon.[5] Further, the commander's conclusion that misconduct occurred, as expressed in the form of a letter of reprimand, could be admissible in given circumstances. *See* Mil.R.Evid. 803(6) (opinion contained in service records admissible); *United States v. Vandelinder,* 20 M.J. 41, 46 (C.M.A.1985) (enlisted evaluation reports admissible under Military Rule of Evidence 803(6)). Similarly, a commander's letter of reprimand, even if not filed in personnel records, could have the reliability of an "opinion" acceptable under Military Rule of Evidence 803(6).[6]

The military judge had to determine, though, not only whether appellant "opened the door" for this use of rebuttal evidence, but had to exercise wide discretion to determine whether the probative value of this evidence outweighed the "danger of unfair prejudice" in the context of assessing an appropriate sentence. *See United States v. Mirandes–Gonzalez,* 26 M.J. at 414 (decision of military judge in performing the balancing test required by Military Rule of Evidence 403 not reversed "absent a clear showing of abuse of discretion"); Military Rule of Evidence 403. We apply as well the observation of Judge Sullivan in his concurring opinion in *Mirandes–Gonzalez,* 26 M.J. at 414, that the strength of the evidence establishing the similar act may be considered in balancing under Military Rule of Evidence 403.

---

4. Military Rule of Evidence 404(b) does not govern admissibility of uncharged misconduct during presentencing procedures. Instead, admissibility then initially turns on Rule for Courts–Martial 1001. *See United States v. Wingart,* 27 M.J. at 136.

5. Army Regulation 190–45, Military Police Records and Forms—Military Justice, Chapters 3 and 4 (1977), governs the preparation of military police reports.

6. Manual for Courts–Martial 1969, para. 128*c,* described administrative reprimands as a nonpunitive measure a commander should use to further the efficiency of his command.

We draw upon our experience to conclude that the message was improperly admitted, including its reference to the commander's letter of reprimand. The reference to a letter "counselling" the accused for indecent assault simply does not have sufficient indicia of reliability to establish that the appellant committed that misconduct. We have no evidence that the letter of reprimand met the standards of administrative due process provided by Army Regulation 600–37, for placement in the personnel records of the appellant. Moreover, its caption is that it is a "counselling." From our experience, this handling of a serious allegation could well reflect an inability to prove the allegation. Perhaps the "victim" would no longer testify. In short, this weak quality of material is just too scanty for use standing alone in sentencing proceedings, regardless of whether the matter is presented as part of the government's case in aggravation or in rebuttal. Further, the government could have obtained better evidence to establish whether appellant committed that offense.

■ We now assess the effect of the erroneous admission of the reference to the letter of reprimand. In applying *United States v. Sales,* 22 M.J. 305, 308–09 (C.M.A. 1986), we find that the sentence as adjudged would have included at least three years of confinement based on the proper evidence of record. Second, the convening authority would have approved the three years of confinement as appropriate for this offense even had he been advised that this implication of a variant of recidivism was inadmissible. Third, we find that three years of confinement and the other adjudged and approved elements of the sentence together are appropriate in this case.

■ As a separate matter, the conclusion of the CID report itself, expressing the opinion that the appellant committed an indecent assault, was not admissible. Military Rule of Evidence 803(8)(B) excludes from admission public records and reports that set forth "matters observed by police officers and other personnel acting in a law enforcement capacity." *United States v. Broadnax,* 23 M.J. 389, 391 (C.M.A.1987); *see United States v. Yeoman,* 22 M.J. 762, 765 (N.M.C.M.R.1986) (police report identifying service member as a suspect inadmissible because it clearly constituted a subjective determination made by the investigator based on his evaluation of the evidence obtained). We find no additional prejudice, however. From common military experience, the police report is a preliminary opinion that does not necessarily reflect the commander's judgment, separately stated, that misconduct occurred.[7] *Cf. United States v. Yeoman,* 22 M.J. at 766 (erroneous admission into evidence of police opinion that appellant was a suspect did not require remedial judicial action because of other evidence corroborating appellant's confession).[8] In addition, the military judge did instruct the court members that they must give "due consideration to all matters in mitigation and extenuation, as well as those in aggravation ... you must bear in mind that the accused is to be sentenced only for the offense of which he has been found guilty." *See United States*

---

**7.** We find the commander was acting more as a magistrate than police officer in reaching conclusions about the CID report. Accordingly, his "opinion" was not the type of opinion of guilt precluded by Military Rule of Evidence 803(8)(B) from admissibility. *Cf. United States v. Broadnax,* 23 M.J. at 393 (trustworthiness of opinions the thrust of restriction in Military Rule of Evidence 803(8)(B)).

**8.** The military judge based admission of the CID message in part on viewing it as a "personnel record" of the appellant. However, there was no evidence that it was so maintained. *See* Army Regulation 27–10, *Legal Services: Military Justice,* para. 5–25 (25 Sep. 1986).

The military judge also stated that the Military Rules of Evidence were relaxed for the admission of the CID message. The Military Rules of Evidence had not been relaxed here for the government because the previously admitted defense exhibits, including official letters of commendation and military training, were admissible as (1) officially recorded opinions (Mil. R.Evid. 803(6)), (2) parts of the personnel records of the appellant (R.C.M. 1001(b)), and (3) matter in mitigation (R.C.M. 1001(c)(1)(B)). *See* Rule for Courts–Martial 1001(d): "If the Military Rules of Evidence were relaxed under subsection (c)(3) of this rule [relaxation of rules of evidence for matters presented by defense], they may be relaxed during rebuttal and surrebuttal to the same degree."

*v. Boles,* 11 M.J. 195, 201 (C.M.A.1981) (military judge should provide instruction on permissible use of evidence regarding an appropriate sentence).  In this case, the use of the evidence as rebuttal and the instruction stated above dispelled any prejudice by erroneous admission of the CID's opinion, even though the instruction did not specifically address its applicability to the CID message.  Further, we find no fair risk that appellant's approved sentence would have been less severe had the court members not erroneously been provided information that the CID opined that appellant had committed an indecent assault in 1974. *United States v. Sales,* 22 M.J. at 309.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Senior Judge KANE and Judge GIUNTINI concur.