UNITED STATES, Appellee,

v.

Moustafa M. ZAKARIA, Sergeant
U.S. Army, Appellant.

No. 68,394.
CMR No. 9100146.

U.S. Court of Military Appeals.

Submitted Feb. 8, 1993.

Decided Sept. 29, 1993.

For Appellant: *Lieutenant Colonel James H. Weise* and *Captain Teresa L. Norris* (on brief).

For Appellee: *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Kenneth T. Grant, Captain Jane F. Polcen* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On January 15 and 16, 1991, at Fort Sam Houston, San Antonio, Texas, appellant was tried by a general court-martial composed of officers and enlisted members. On mixed pleas, he was found guilty of one specification each of wrongful appropriation, larceny, and presenting a fraudulent

claim, in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 USC §§ 921 and 932, respectively. The adjudged and approved sentence extends to a bad-conduct discharge, confinement for 4 years, and reduction to the lowest enlisted grade. On June 11, 1992, the Court of Military Review affirmed the findings and sentence without opinion.

This Court specified review of the following issue:[1]

WHETHER THE MILITARY JUDGE ERRED BY CONCLUDING THAT A LETTER OF REPRIMAND FOUND IN APPELLANT'S MILITARY PERSONNEL FILE WAS PROPER AGGRAVATION. *SEE* MIL.R.EVID. 403.

We hold that, under the circumstances of this case, it was legal error for the military judge to rule that appellant's Letter of Reprimand for committing indecent acts with four minor girls was admissible matter on sentencing at his court-martial. Mil. R.Evid. 403, Manual for Courts–Martial, United States, 1984. *See generally United States v. Bono*, 26 MJ 240 (CMA 1988). Moreover, appellant's subsequent stipulation of fact that he received a reprimand for committing indecent acts with a minor girl did not expressly or impliedly waive the error in the earlier evidentiary ruling. *See generally United States v. Cambridge*, 3 USCMA 377, 384, 12 CMR 133, 140 (1953). Finally, this error substantially prejudiced appellant as to his sentence. Art. 59(a), UCMJ, 10 USC § 859(a).

The challenged Letter of Reprimand was based on alleged acts of sexual misconduct by appellant with his minor stepdaughter and several other teenage girls in the San Francisco area. The record[2] shows that the allegations concerning his stepdaughter were originally investigated by Special Agent Cheryl Clary, who was assigned to the Office of the Army Criminal Investigation Command (CID) at the Presidio. She also was appellant's neighbor and had the stepdaughter and her sister in her home during this investigation. When her report was presented to Captain Diersing, a military attorney at that installation, he declined to pursue prosecution because of the stepdaughter's lack of credibility. She allegedly had a serious drug problem as well as other problems for which she was undergoing counseling.

The CID agent later found three other girls who alleged that appellant had paid them for allowing him to engage in sex acts with them. After considering this additional evidence, Captain Diersing, then Chief of Criminal Law, again declined to pursue prosecution. He concluded that the statements were perjured; one girl was a teenage prostitute who could not be located; and the other corroborating witnesses were evasive when pressed for details of the incident. Indeed, one of the girls recanted her statement both to the Chief of Criminal Law (Diersing) and later in an affidavit to a judge advocate in which she related that she made the accusations only to help the stepdaughter.

Undaunted by these rebuffs, the CID agent found a second military attorney who authorized her to proceed and to formally "title" the investigation. This attorney was not aware of the opinion of the Chief of Criminal Law or privy to his investigation into the matter. Nonetheless, the con-

---

**1.** Appellant raised this same issue in accordance with the decision of this Court in *United States v. Grostefon*, 12 MJ 431 (1982). We also granted review on the Appointment Clause issue. This Court has resolved that issue against appellant in *United States v. Weiss*, 36 MJ 224 (CMA 1992), *aff'd*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

**2.** The dissent in this case effectively implies that the defense only factually contested the charges with respect to three girls. The military judge specifically found that the defense rebuttal (in-

cluding the affidavit of Captain Diersing) would be admissible if the Letter of Reprimand was admitted. That rebuttal included a petition to the Army Board for Correction of Military Records, which is attached to the record as an exhibit *withdrawn* after the stipulation of fact was accepted. It contains appellant's statement that none of the acts with any of the girls occurred; Captain Diersing's affidavit that acts with three of the girls did not occur and acts with the fourth were highly questionable; and a statement from the fourth girl that they did not occur.

vening authority eventually declined to prosecute.

These allegations, however, did become the subject of the aforementioned Letter of Reprimand and a Bar to Reenlistment, both of which were placed in appellant's military personnel file. The letter repeated the detailed allegations of sexual misconduct and the commander's assertion of appellant's "apparent factual guilt." Trial counsel offered this Letter of Reprimand into evidence in aggravation, and the military judge held it admissible over defense counsel's objection. However, he also ruled that the defense could rebut it with Captain Diersing's sworn statement and other evidence. Trial counsel then withdrew this exhibit and a Bar to Reenlistment resulting therefrom. App. Ex. XXIX. In its place "a stipulation of fact" was admitted which stated, *inter alia*, "[t]hat on 9 August 1990, Sergeant Zakaria received a Letter of Reprimand ....for indecent acts with a child under 16 years of age" and "on 27 August 1990, SGT Zakaria received a Bar to Reenlistment."

---

An administrative letter of reprimand is admissible at trial under RCM 1001(b)(2), Manual, *supra*, if it is "made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." However, this rule also provides that, "[i]f the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as *containing matter that is not admissible under the Military Rules of Evidence*, the matter shall be determined by the military judge." (Emphasis added.) In addition to contesting the factual basis of this reprimand, defense counsel specifically objected on the ground that the letter's probative value was substantially outweighed by the danger of unfair prejudice under Mil. R.Evid. 403.[3]

■ We note that government evidence, to be admissible on sentencing, must pass two tests: Does it tend "to prove or disprove the existence of a fact or facts permitted by the sentencing rules"; and, if so, is it in proper form as required by the Military Rules of Evidence "or the more relaxed rules for sentencing." *United States v. Martin*, 20 MJ 227, 230 n.5 (CMA 1985), *cert. denied*, 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986). Military judges "should be particularly sensitive to probative dangers which might arise from the admission of uncharged misconduct evidence during the sentence procedure which, though relevant or even admissible, would

---

**3.** Appellant in a pretrial motion attempted to exclude government evidence of his letter of reprimand for sexually molesting four young girls. He objected to this evidence on the basis of Mil.R.Evid. 402, 403, and 404, Manual for Courts–Martial, United States, 1984. He asserted, *inter alia*, in his written motion:

> While, on the one hand, this evidence would be impossible to weigh or evaluate by the members, it would, on the other hand, tend to appeal tremendously to their emotions and could mislead or confuse the members.
>
> On sentencing this evidence would mislead and prejudice the members concerning the issue of SGT Zakaria's rehabilitative potential and would clearly tend to distort the court-members' function during the sentence phase.

He also expressly responded to the judge's suggestion that any factual dispute as to the basis for the letter of reprimand had already been resolved. He said [CDC: civilian defense counsel]:

> CDC: But your Honor, it does not address the issues that I have raised in my motion concerning the Rule 403. The matters contained in that Letter of Reprimand are so, or, is of such a highly emotional nature, that they subvert the sentencing phase in this trial. Also, the fact that——

Finally, he clearly delineated this unfair prejudice under Mil.R.Evid. 403, later in this case prior to the judge's ruling. This is what he said:

> CDC: *Your Honor, and to be clear, I don't object to the members knowing that the accused has been barred to reenlistment or that he received a Letter of Reprimand from Brigadier General William L. Moore, and that, that Letter of Reprimand was placed in his performance fiche. What I object to, are the contents of that Letter of Reprimand, under Rule 403, as being so highly prejudicial that they could effect the sentencing in an undue fashion in this case. And that it would be fundamentally unfair, your Honor, as there is evidence before the Court that the matters contained in that administrative reprimand were incorrect.*

(Emphasis added.)

unduly arouse the members' hostility or prejudice against an accused." *United States v. Boles*, 11 MJ 195, 201 (CMA 1981). Our standard for review of admission of such evidence is whether the military judge clearly abused his discretion. *United States v. Redmond*, 21 MJ 319, 326(CMA), *cert. denied*, 476 U.S. 1105, 106 S.Ct. 1950, 90 L.Ed.2d 359 (1986); *United States v. Martin, supra.*

■ In appellant's case, we find that the military judge did err in approving admission of the challenged letter-of-reprimand evidence. Mil.R.Evid. 403. Its probative value as to his military character was significantly reduced because of its obvious reliability problems. In addition, it is difficult to imagine more damaging sentencing evidence to a soon-to-be sentenced thief than also branding him as a sexual deviant or molester of teenage girls. See *United States v. Bono*, 26 MJ at 242. Finally, defense counsel in his closing argument, at least impliedly, requested that the military judge give some limiting instructions to the members on the proper use of this evidence. The tepid nature of the military judge's general instructional response neither provided sufficient protection to the appellant in these particular circumstances nor clearly delineated the proper use of this evidence. Mil.R.Evid. 105. Accordingly, we hold that the decision to admit this explosive evidence of sexual perversion in these circumstances was a clear abuse of discretion. *See generally United States v. Mirandes–Gonzalez*, 26 MJ 411, 414 (CMA 1988) (Sullivan, J., concurring in the result); *United States v. Williams*, 28 MJ 911, 914–15 (ACMR 1989).

■ Our next concern is whether appellant waived this error by entering into a stipulation of fact that he received a letter of reprimand for indecent acts with one young girl rather than five. We first note that a stipulation like a contract or a legal agreement cannot be expanded beyond its terms, and no language of waiver appears in the stipulation of fact in this case. *See generally* 83 C.J.S., Stipulations § 13 at 31–33. We also note that the RCM 811 [4] recognizes a difference between a stipulation of fact and a stipulation as to admissibility of proof of that fact under the Military Rules of Evidence. 83 C.J.S., Stipulations § 10f(7) at 20 and f(9) at 21–23. The stipulation in this case is expressly characterized as one of fact. Finally, the record clearly indicates that counsel did not consider the admissibility question as being waived by this stipulation of fact.

In this regard, we note that the military judge ultimately decided to deny the motion *in limine* but to permit defense counsel to introduce some rebuttal evidence. Assistant trial counsel then responded:

> Your Honor, the government understands the confusion that this whole ordeal could put the panel members through. Because of that, we have discussed this with the defense and the government and defense have agreed to enter into a stipulation of fact which has been signed by Sergeant Zakaria. *We went through this so that the defense could make their argument as to admissibility.* What we are going to do at this point is we are going to withdraw both Prosecution Exhibit 14 and Prosecution Exhibit 15—the Letter of Reprimand and the Bar to Reenlistment. In its place, we are going to enter a Stipulation

---

4. **Rule 811. Stipulations**

(a)*In general.* The parties may make an oral or written stipulation to any fact, the contents of a document, or the expected testimony of a witness.

\* \* \*

(e) *Effect of stipulations.* Unless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is binding on the court-martial and may not be contradicted by the parties thereto. The contents of a stipulation of expected testimony or of a document's contents may be attacked, contradicted, or explained in the same way as if the witness had actually so testified or the document had been actually admitted. *The fact that the parties so stipulated does not admit the truth of the indicated testimony or document's contents, nor does it add anything to the evidentiary nature of the testimony or document. The Military Rules of Evidence apply to the contents of stipulations.* (Emphasis added.)

of Fact. The defense has agreed that they will enter no other evidence in regard to this. Therefore, the only thing that will go to the panel, will be this Stipulation of Fact and it will cut out all of the confusion.

(Emphasis added.)

The military judge then questioned appellant and defense counsel about this stipulation of fact, as follows:

MJ: Okay. And do you voluntarily enter into this stipulation of fact?

ACC: Yes sir.

CDC: *Your Honor, that's—and we all enter into it, but with the caveat that we are entering into that stipulation because of your ruling on the government exhibits—I believe they were 14 and 15.*

MJ: *Very well.* Do trial counsel enter into this stipulation of fact?

TC: Yes, your Honor.

ATC: Yes, your Honor.

MJ: And defense counsel?

CDC: Yes, sir.

MJ: Now I want to make sure that your consent to this stipulation is not conditional. *You have basically decided that certain conditions preceding it must occur before you enter into the stipulation. But once you enter into the stipulation, am I correct in saying that you and all of you have in fact consented?*

ATC: Yes, your Honor.

TC: Yes sir.

CDC: Yes sir.

(Emphasis added.)

In view of the above, the military judge's prior ruling was the condition precedent giving rise to the stipulation of fact. Moreover, there is no suggestion here of any intention on anyone's part to waive appellate review of this evidentiary question. ■ Our final concern is prejudice. Art. 59(a); Mil.R.Evid. 103(a). Appellant was found guilty of stealing three bottles of after-shave lotion and six children's videos from the Post Exchange, all items totaling a value of less than $100. He was also found guilty of filing a false claim and wrongfully appropriating $681.54 from the United States Government in the form of incentive pay. The maximum punishment authorized in this case for these offenses included confinement for 5 years and 6 months. The prosecution requested a 4-year sentence be imposed, and the members did just that. Such circumstances suggest to us that the stipulation branding appellant as a child molester, *even with one child,* played a substantial role in the sentence he received. Accordingly we conclude that the above error was prejudicial. Art. 59(a).

The decision of the United States Army Court of Military Review is reversed as to sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Judge WISS concurs.

COX, Judge (concurring):

Notwithstanding the fact that the military judge's rulings successfully boxed the defense into a stipulation of fact, in this particular case the "facts" of the reprimand and of a bar to reenlistment were unduly prejudicial. Mil.R.Evid. 403, Manual for Courts–Martial, United States, 1984. Had this appellant been tried by military judge alone, perhaps I would feel differently. *See United States v. Kinman,* 25 MJ 99, 103–04 (CMA 1987) (Cox, J., dissenting).

GIERKE, Judge, joined by CRAWFORD, Judge (dissenting):

Trial counsel initially offered the Letter of Reprimand which was based on five separate incidents involving appellant's stepdaughter, a friend of the stepdaughter, and two girls of questionable repute. The defense objected to the letter of reprimand, arguing that the report of investigation on which the letter was based contained coerced, false statements and "[t]hat the investigating agent withheld evidence" and the chief of criminal law who evaluated the allegations "believes that as to three of the

four girls mentioned in the Letter of Reprimand, no indecent acts ever occurred."

The defense offered a packet of documents attacking the factual accuracy of the Letter of Reprimand. The defense evidence consisted of appellant's "Application for Correction of Military or Naval Record Under the Provisions of Title 10, U.S.Code, Sec. 1552," containing appellant's general denial that any of the offenses occurred, a supporting statement from the former chief of criminal law, and evidence obtained from two of the four girls named in the Letter of Reprimand. Sworn statements from the stepdaughter and her friend, both recanting their accusations, were included in the packet. The former chief of criminal law submitted a statement accusing military criminal investigators of fabricating evidence and describing that officer's personal interviews with three of the four girls named in the Letter of Reprimand. That officer describes an interview with one of the two girls of questionable repute, in which the girl was vague and uncooperative but did not specifically deny that the incident occurred. The defense packet contains no evidence regarding the incident with the second girl, except for appellant's general denial.

The military judge ruled that he would admit both the Letter of Reprimand and the defense documents attacking the accuracy of the Letter of Reprimand. Then trial counsel withdrew the Letter of Reprimand because of "the confusion that this whole ordeal could put the panel members through," and defense counsel withdrew the packet attacking the Letter of Reprimand. The parties then substituted a stipulation of fact, reciting a single incident of indecent acts without naming the child involved or describing the incident.

When the military judge inquired into the agreement of the parties to stipulate, defense counsel announced, "Your Honor, that's—and we all enter into it, but with the caveat that we are entering into that stipulation because of your ruling on the government exhibits...." The military judge followed up on defense counsel's caveat by asking:

> Now I want to make sure that your consent to this stipulation is not conditional. You have basically decided that certain conditions preceding it must occur before you entered into the stipulation. But once you enter into the stipulation, am I correct in saying that you and all of you have in fact consented?

Trial counsel, defense counsel, and appellant all responded in the affirmative.

I see no basis to reject the stipulation. Neither party objected to it. The mere fact that appellant denied his guilt makes neither the Letter of Reprimand nor the stipulation inadmissible. *Cf. United States v. Mack*, 9 MJ 300, 319 (CMA 1980) (properly filed record of nonjudicial punishment admissible "especially since the accused has full opportunity to question the record and to explain or deny the conduct referred to therein"). It is clear from the record of trial that for tactical reasons the parties agreed to avoid litigating the factual accuracy of the Letter of Reprimand and instead stipulated that appellant was reprimanded and barred from reenlisting because of a single incident of unspecified indecent acts with an unidentified child under age 16. This vague stipulation falls far short of "branding appellant as a child molester" (38 MJ at 284) as the majority asserts. To the contrary, the stipulation telegraphed to the court members that the official imposing the Letter of Reprimand did not regard the misconduct as serious. Otherwise, a more severe disposition would have been ordered. *Cf. United States v. Covington*, 10 MJ 64, 68 (CMA 1980) (held that prejudice was unlikely from erroneous admission of evidence that suspension of nonjudicial punishment was vacated because "[t]he normal inference of the sentencing authority would be that if the derogatory or adverse information ... warranted no penalty other than vacation of the suspension of a relatively minor nonjudicial punishment, then any misconduct revealed in that information was not serious").

The defense agreement to stipulate to a reprimand for indecent acts with one girl was consistent with their earlier argument that no indecent acts happened "as to ... three of the four girls mentioned in the Letter of Reprimand." The prosecution was willing to forgo proof of the additional indecent acts to avoid confusing the members. The stipulation mooted the earlier defense objection. I do not agree that the military judge abused his discretion by accepting an uncontested stipulation which all parties thought was in their best interests. I find no abuse of discretion. Accordingly, I dissent.