OPINION OF THE COURT
SCHREIER, Judge:
Contrary to his pleas, members convicted appellant of use of cocaine, possession of marijuana and cocaine, and carrying a concealed .38 caliber pistol. They acquitted him of one specification of carrying a concealed loaded shotgun. Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a and 934 (1988). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for three years, and reduction to E-l. Appellant alleges the military judge erred in admitting evidence of uncharged misconduct, the sentence is too severe, the record of trial is incomplete, and there were new matters in the addendum. Finding no error, we affirm.
FACTS
Deputy Martin, a member of the county sheriff’s office, responded to a complaint that appellant was waving a pistol at another person in a threatening manner. He watched appellant’s truck until he returned and followed him out of the parking lot. Shortly thereafter, he pulled appellant over, told him to get out of his truck, and lie down. The deputy then handcuffed appellant and frisked him for weapons. He found a loaded .38 caliber pistol concealed in his jacket pocket. After apprehending him, he conducted a more thorough search which yielded the marijuana and cocaine. A search of his truck located a loaded, pistol grip, short-barrel shotgun. Deputy Martin testified that appellant volunteered the following statements: the other individual pulled the gun first, he was in the Air Force and had a new baby, and he would do anything if the charges were dropped. Appellant was placed in Deputy *719 Martin’s vehicle until the city police officer, Officer Esparza, arrived to take over the case.
Appellant, the guns, and the drugs were turned over to Officer Esparza. Officer Esparza read appellant his rights and took appellant to the local jail where he was booked. Officer Esparza also testified that after waiving his rights appellant said he wanted to cooperate, the gun was probably stolen, and repeatedly mentioned that he would do anything if the charges were dropped.
OTHER CRIMES EVIDENCE
Defense counsel made a motion in limine to suppress the appellant’s statements mentioned above on the basis they were uncharged misconduct, irrelevant, and the probative value was outweighed by the potential for unfair prejudice. The government argued the statements about who pulled the gun first and the offers to “do anything” if charges were dropped reflected a consciousness of guilt. Finally, the government argued the statement about the gun being stolen reflected a consciousness of both carrying the gun as well as its concealed state. Defense also moved to suppress any information that the initial stop was based on his brandishing a pistol. The government asserted that the statement about brandishing the pistol was necessary to describe the sequence of events leading to appellant’s stop and pat down search.
The military judge made extensive findings of fact concerning the circumstances of appellant’s stop and apprehension on other motions. However, the facts are also relevant to this motion and we adopt them as our own. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1988). She concluded that the evidence was admissible for a limited purpose and agreed to provide appropriate instructions during both findings and sentence to limit the members’ use of the evidence.
Evidence of other crimes, acts, or wrongs (frequently referred to as uncharged misconduct) may be admissible to prove “motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident.” Mil.R.Evid. 404(b); United States v. Reynolds, 29 M.J. 105 (C.M.A.1989). The relevant evidence need not fit exactly into one of the pigeon holes described under 404(b) so long as the evidence is offered for a purpose other than to show the accused’s predisposition to commit the crime. United States v. Castillo, 29 M.J. 145 (C.M.A.1989). The standard of review is whether the military judge abused his discretion by admitting evidence of other wrongs. United States v. Acton, 38 M.J. 330, 332 (C.M.A.1993); United States v. Dorsey, 38 M.J. 244, 246 (C.M.A.1993).
In Reynolds, the former Court of Military Appeals set out a three part test for reviewing the admissibility of uncharged misconduct evidence:
1. Does the evidence reasonably support a finding that appellant committed the prior acts? United States v. Mirandes-Gonzalez, 26 M.J. 411 (C.M.A.1988).
2. What fact of consequence is made more or less probable by the existence of this evidence? Mil.R.Evid. 401; United States v. Ferguson, 28 M. J. 104 (C.M.A.1989).
3. Is the probative value substantially outweighed by the danger of unfair prejudice? Mil.R.Evid. 403.
We will apply these standards to the facts of this case. First, we find the evidence was more than sufficient to prove appellant committed the prior acts. The military judge heard the testimony, evaluated the credibility of the witnesses, and, in one instance, stated she found the appellant’s testimony unbelievable. Next, we reject appellant’s argument that the admission of statements reflecting his intent was error because the defense never contested appellant’s intent. We find that the statements were not admitted to reflect appellant’s intent. Rather, they were admitted as either integral to the chain of events or relevant to appellant’s consciousness of guilt. Finally, we find that the probative value was not substantially outweighed by the danger of unfair prejudice. The evidence supporting appellant’s guilt was overwhelming. Trial counsel did not overly emphasize the uncharged misconduct in findings or sentencing argument. Moreover, the military judge provided detailed cautionary instructions during both findings *720 and sentence to ensure this testimony would not be used for an improper purpose. See United States v. Mann, 26 M.J. 1, 5 (C.M.A. 1988). The evidence, which consisted of words spoken by appellant, was not offered to show that appellant was a bad person but was presented as part and parcel of the entire chain of events. We find there was no error in admitting the statements.
REMAINING ISSUES
Appellant argues that the sentence is excessive for possession of a small amount of drugs, a single use of cocaine, and possession of a concealed weapon. We have considered appellant’s prior work record, the nature of his offenses, his family situation, and the matters presented in sentencing and clemency. Although trial counsel discussed the circumstances of appellant’s apprehension and admissions, trial counsel was very careful not to imply that these matters served as the basis for increased punishment. Additionally, we also recognize that the military judge instructed the members that neither the uncharged misconduct nor appellant’s absence from trial could serve as a basis for increasing the punishment. But for the fact that appellant was found guilty of carrying a loaded concealed weapon, this sentence might be considered high. However, we are convinced that appellant’s sentence is not inappropriate considering the combination of charges. United States v. Healy, 26 M.J. 394 (C.M.A 1988); United States v. Snelling, 14 M.J. 267 (C.M.A.1982).
During an Article 39(a), UCMJ, session, defense counsel requested discovery of the civilian personnel records of the apprehending officers. Following coordination with the local authorities, the military judge conducted an in camera review of the records and determined that they did not contain any information relevant to the credibility of the officers. The military judge sealed the records. Appellant now alleges that the record of trial is incomplete because those appellate exhibits are not included. We disagree. The original record of trial contains the sealed exhibits. Copies of the envelope only are included in the other copies of the record. There is no error.
The Staff Judge Advocate’s Recommendation (SJAR) noted that appellant was present for only the initial Article 39(a) session and the entry of pleas. Appellant never returned after a lunch recess and the military judge determined he had voluntarily absented himself. Trial continued without the appellant. The defense response asked for clemency and did not mention the appellant’s absence. The addendum to the SJAR, which was not served on appellant’s counsel, noted that appellant remained absent. Appellate defense counsel now alleges this is new matter which was required to be served on counsel. We disagree.
If an addendum contains new matter it must be served on counsel for the accused to allow an opportunity to respond. R.C.M. 1106(f)(7). New matter includes discussion of the effect of new decisions, matter from outside the record of trial, and issues not previously addressed. R.C.M. 1106(f)(7) Discussion.
The issue of appellant’s absence from trial was thoroughly discussed in both the record of trial and the original SJAR. Defense counsel did not address appellant’s absence in his clemency request. Additionally, the convening authority had a need to know if appellant had returned to military control. We cannot foresee any harm or prejudice to appellant as a result of his counsel not having the opportunity to respond to this statement. Under the circumstances of this case, we find that the comment was not new matter requiring service on counsel. R.C.M. 1106(f)(7).
We conclude that the findings and sentence are correct in law and fact and the sentence is appropriate. Accordingly, the findings of guilty and the sentence are
AFFIRMED.
Chief Judge DIXON and Judge STARR concur.