UNITED STATES, Appellee,

v.

Ibrahin ROBLES–RAMOS, Staff
Sergeant, U.S. Army,
Appellant.

No. 96–1326.
Crim.App. No. 9400290.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 5, 1997.

Decided March 10, 1998.

For Appellant: *Captain Dirk Gifford* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters,* and *Captain*

*Mark A. Bridges* (on brief); *Major J. Frank Burnette* and *Captain Eric S. Krauss.*

For Appellee: *Captain Thomas N. Auble* (argued); *Lieutenant Colonel Eva M. Novak, Major Virginia G. Beakes,* and *Captain John M. Bergen* (on brief).

*Opinion of the Court*

EFFRON, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of willfully disobeying a superior commissioned officer, false official statement (2 specifications), aggravated assault, and assault consummated by a battery, in violation of Articles 90, 107, and 128, Uniform Code of Military Justice, 10 USC §§ 890, 907, and 928, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 years, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

We granted review of the following issues:

I. WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING EVIDENCE OF PRIOR DOMESTIC ABUSE AS UNCHARGED MISCONDUCT.

II. WHETHER THE MILITARY JUDGE ERRED BY ALLOWING TRIAL COUNSEL TO IMPROPERLY ARGUE FACTS NOT IN EVIDENCE OVER DEFENSE OBJECTION.

For the reasons stated below, we affirm.

## I. Facts

The Court of Criminal Appeals summarized the evidence as follows:

[A]ppellant shot his wife with a pistol, thereby inflicting serious arm and abdominal injuries. All further facts were fogged by the substantially different stories told by the victim, Mrs. Delia Robles–Ramos, before and during the trial, and by her admitted collusion with and lying for the appellant.

Unpub. op. at 2.

Appellant defended against the assault charges on the theory that the shooting was accidental. Although the descriptions of the events offered by appellant and his wife changed from time to time, as implied in the passage quoted above, all of the versions had the two physically struggling over the weapon when it discharged. At one point in her testimony, appellant's wife even testified that it was she, not appellant, who had introduced the gun into their argument. The Government, however, produced substantial physical and other evidence to negate the theory of accidental discharge.

Trial counsel had been given permission by the military judge to treat appellant's wife as a hostile witness. During his redirect examination, trial counsel was permitted, over defense objection, to ask her about a prior physical altercation between her and appellant, for the purpose of negating the defense of accident. *See* Mil.R.Evid. 404(b), Manual for Courts–Martial, United States (1995 ed.).[1] The pertinent colloquy was as follows:

Q. Mrs. Robles, isn't it true that near the end of August or September time frame, that you were severely beaten by the accused?

A. No. I wouldn't say severely beaten.

Q. Did Columbus Police Department intervene?

A. Yes.

Q. And was First Sergeant Green notified?

A. Yes.

Q. What would—how would you characterize the beating?

A. There were a few slaps on both parts. That was basically it.

During his closing argument prior to sentencing deliberations, trial counsel contended that Mrs. Robles' changing stories could be explained by the fact that, as a victim of an assault with a dangerous weapon, she likely was afraid of retribution—and, inferentially,

---

1. Alternatively, the evidence was offered and admitted under the same rule as relevant to appellant's intent. However, the Government does not advance that theory in this Court.

afraid as well that, with the court-martial conviction of her husband, she and her family faced the loss of his financial support. Defense counsel objected to the argument as not based on evidence of record, but the military judge permitted it, commenting, "The members can draw the inferences they wish from the evidence."

## II. Discussion of Issue I

■ Mil.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or *absence of mistake or accident*....

(Emphasis added.)

■ We have applied a three-part test to determine whether uncharged misconduct is admissible. *See United States v. Loving*, 41 MJ 213, 245 (1994), *aff'd on other grounds*, 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996); *United States v. Reynolds*, 29 MJ 105, 109 (CMA 1989). We review the judge's ruling on the admissibility of proffered evidence for an abuse of discretion. *United States v. Acton*, 38 MJ 330, 332–33 (CMA 1993).

■ First, the evidence must reasonably tend to prove that the accused committed the uncharged crime, wrong, or act. *United States v. Mirandes–Gonzalez*, 26 MJ 411 (CMA 1988). "[T]he standard for meeting this factor is quite low." *United States v. Dorsey*, 38 MJ 244, 246 (CMA 1993). "[T]he task for the military judge is to determine whether there is sufficient evidence for a reasonable court member to believe that the accused in fact committed the extrinsic offense." *Mirandes–Gonzalez*, 26 MJ at 414.

Mrs. Robles, herself, admitted the prior domestic physical altercation. Since trial counsel's question did not constitute evidence, the only evidence of the nature of that altercation was Mrs. Robles' description of it and certain corroborative objective evidence. In this context, the prior act in question involved "a few slaps on both parts" that resulted in a response by the local police department and involvement of appellant's command. Mrs. Robles' testimony satisfied this first prong as to that evidence.

■ Second, the evidence must make some fact of consequence more or less probable. *United States v. Ferguson*, 28 MJ 104, 108 (CMA 1989); Mil.R.Evid. 401 (definition of relevant evidence) and 402 (relevant evidence admissible; evidence not relevant inadmissible). However, it cannot be offered only as character evidence barred by Mil. R.Evid. 404(a). Appellant's defense at trial was that the shooting was an accident. Evidence that, as recently as 2 months before the charged assaults, appellant had assaulted his wife would tend to rebut the contention that the instant assault was an accident.[2] *See Mirandes–Gonzalez*, 26 MJ at 412. The fact that the prior assault may have involved only "a few slaps on both parts" goes to the weight to be accorded that evidence; it is not so remote as to be inadmissible on that basis.

■ Finally, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. Mil.R.Evid. 403. Evidence that appellant had exchanged "a few slaps" with his wife tended to prove an atmosphere in which physical violence existed and tended to diminish the likelihood that any such violence was an accident. On the other hand, there was little likelihood of unfair prejudice from evidence of "a few slaps" and an uncontroverted denial that it had amounted to a severe beating.

Accordingly, applying the standard three-part test, we conclude that the military judge did not abuse his discretion in admitting the challenged evidence of a prior domestic altercation to negate appellant's affirmative defense of accident.

## III. Discussion of Issue II

■ Closing arguments by counsel are limited "to evidence in the record and to such fair inferences as may be drawn therefrom."

---

**2.** *See United States v. Loving*, 41 MJ 213, 245 (1994), *aff'd on other grounds*, 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996); *United States v. Reynolds*, 29 MJ 105, 109 (CMA 1989).

*United States v. White*, 36 MJ 306, 308 (CMA 1993). The Government correctly observes that "[t]he record included evidence of prior inconsistent statements on the part of both the appellant and Mrs. Robles, which were significantly more incriminating than the testimony [they presented] at trial. Moreover, there was evidence that appellant unlawfully contacted Mrs. Robles between the date of the offense and trial," in violation of his commander's order not to visit his wife at their quarters pending trial without an assigned escort. Final Brief at 15–16.

Under these circumstances, trial counsel drew a reasonable inference from the fact that Mrs. Robles had been the victim of aggravated assault, arguing that she was afraid of either further violence from appellant or losing his financial support upon conviction and imprisonment. Counsel offered this for consideration by the members, who could agree or not, in terms of whether to draw the inferences from the variations among her versions of the event.

Furthermore, trial counsel noted in his argument that the members should "draw [their] own conclusions from the facts." The military judge instructed the members that the remarks by counsel were argument, not evidence. Accordingly, there was no risk that the members accorded inappropriate weight to the remarks.

## IV. Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.