UNITED STATES, Appellee,

v.

Rogelio P. CLEMENTE, Technical
Sergeant, U.S. Air Force,
Appellant.

No. 97–0978.
Crim.App. No. 32360.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 7, 1998.

Decided Feb. 3, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ. joined.

For Appellant: *Major Margo Stone Newton* (argued); *Colonel Douglas H. Kohrt* (on brief).

For Appellee: *Major Kenneth A. Arnold* (argued); *Lieutenant Colonel Michael J. Breslin* and *Captain Steven D. Dubriske* (on brief); *Colonel Brenda J. Hollis, Lieutenant Colonel Anthony P. Dattilo*, and *Major Ronald A. Rodgers.*

Judge CRAWFORD delivered the opinion of the court.

Pursuant to his pleas, appellant was convicted of attempted larceny (6 specifications), larceny (13 specifications), and larceny of mail matter (1 specification), in violation of Articles 80, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 921, and 934. The convening authority approved the sentence of the court members of a bad-conduct discharge, confinement for one year, and reduction to the lowest enlisted grade. The Air Force Court of Criminal Appeals amended five specifications and dismissed nine specifications as multiplicious, and reassessed the sentence. 46 MJ 715 (1997). We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN ADMITTING PROSECUTION EXHIBIT 6, AN UNFAVORABLE INFORMATION FILE, OVER DEFENSE OBJECTION.

We hold that the military judge did not abuse his discretion in admitting prosecution exhibit 6.

## FACTS

The judge admitted, over defense objection, prosecution exhibit 6, an unfavorable

information file which contained a letter of reprimand for child neglect and a letter of reprimand for spouse abuse. Both letters were signed in September 1995, about a year before appellant's trial. The child neglect involved leaving three minor children unattended; the spouse abuse may only be a simple assault, although it is unclear. When the defense again objected, citing Mil.R.Evid. 403, Manual for Courts–Martial, United States (1995 ed.), the judge ruled that the probative value of the evidence outweighed the prejudicial effect.

The defense does not allege that the exhibit is not properly maintained under Air Force Regulations, but argue the judge "abused his discretion" in admitting the document. Final Brief at 6–7.

The Government responds that once appellant adduced evidence of good character the prosecution could respond with this exhibit. Answer to Final Brief at 5. Additionally, the Government argues that this evidence rebuts the defense theory that appellant's offenses grew out of his interest in helping his family.

DISCUSSION

The standard of review is whether the "judge clearly abused his discretion." *United States v. Rust*, 41 MJ 472, 478 (1995); *United States v. Zakaria*, 38 MJ 280, 283 (CMA 1993).

In 1984, the President amended the Manual for Courts–Martial, adding the RCM 1001 rules. The intent of these rules is to permit "presentation of much of the same information to the court-martial as would be contained in a presentence report, but it does so within the protections of an adversarial proceeding, to which rules of evidence apply, ... although they may be relaxed for some purposes." Drafters' Analysis of RCM 1001, Manual, *supra* at A21–67 (citation omitted). As this Court has emphasized, admission of pre-sentencing evidence is limited by the RCM 1001 rules and the Military Rules of Evidence, including Mil.R.Evid. 403. *See,*

*e.g., United States v. Prevatte*, 40 MJ 396 (CMA 1994). The RCM 1001 rules permit a number of alternative means for introducing evidence both by the prosecution and the defense. None of these rules are mutually exclusive. *See United States v. Ariail*, 48 MJ 285 (1998). The key is whether the evidence fits within one of the rules, and is relevant and reliable. *Id.* at 287. But "RCM 1001(b)(2) [, like the other rules,] does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of an accused. Personnel records may contain entries of questionable accuracy, relevance, or completeness." *Id.*

RCM 1001(b)(2) permits introduction in evidence of the "personnel records of the accused" maintained pursuant to service regulations which "reflect the past military efficiency, conduct, performance, and history of the accused...."

In *Zakaria*, we held that the judge erred in admitting "explosive evidence of sexual perversion" in a case in which the defendant was convicted primarily of theft of property totaling less than $100.00. 38 MJ at 283. Based on this evidence, Zakaria was given a sentence of 4 years confinement, where the maximum sentence was 5½ years.

In contrast, here, appellant was sentenced to 12 months confinement and the maximum sentence to confinement was 95½ years. Additionally, the defense does not question the accuracy and completeness of the records or imply that they were improperly maintained pursuant to service regulations. The picture of concern for the welfare of his family which was presented by appellant during sentencing was directly rebutted by prosecution exhibit 6. Thus, we hold that the judge did not abuse his discretion in overruling the defense objection on the basis that any prejudice was outweighed by the probative value of the evidence.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.